UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

|                              |   |                      |
|------------------------------|---|----------------------|
| AMANDA GRACE STARNES,        | ) |                      |
|                              | ) | 2:25-CV-138-DCLC-CRW |
| Plaintiff,                   | ) |                      |
|                              | ) |                      |
| v.                           | ) |                      |
|                              | ) |                      |
| THOMAS LANDON STARNES,       | ) |                      |
|                              | ) |                      |
| Defendant.                   |   |                      |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion to Remand and Attorney's Fees Under 28 U.S.C. § 1447(c) (the "Motion") [Doc. 13]. Defendant responded [Doc. 14]. This matter is now ripe for resolution. For the reasons below, Plaintiff's Motion is **GRANTED** and Defendant's Motion to Dismiss [Doc. 2] is **DENIED AS MOOT**.

**I.     BACKGROUND**

On August 28, 2025, Defendant, acting pro se, removed a domestic relations matter to this Court that was filed originally in the Chancery Court for Sullivan County, at Kingsport, Tennessee. [Doc. 1]. The record reveals that Plaintiff and Defendant divorced, and the state court entered a parenting plan on August 9, 2023. [Doc. 1-2, pg. 1]. Defendant (the father) began making child support payments, but in July 2024, he stopped, pointing out that the parenting plan actually did not require any child support payments until August 1, 2025. *Id.* at 1–2. On April 10, 2025, Plaintiff (the mother) moved to alter/amend the judgment previously entered on August 9, 2023, noting that the start date for child support was a typo. *Id.* at 3. Plaintiff alleges that Defendant had been making regular child support payments until July 2024 and, at the time of the motion, is in arrears in the amount of $6,580.00. *Id.* at 1–2. Plaintiff filed the motion to amend the parenting plan seeking to fix the typo and state that payments were to start on August 1, 2023 as intended

and to order Defendant to pay any arrearages that have accrued. *Id.* at 2. A hearing was scheduled for September 10, 2025 in state court regarding Plaintiff's motion to amend the parenting plan. [Doc. 1, pg. 1; Doc. 1-6].

On August 28, 2025, before the state court could address the alleged typo in the parenting plan it had entered, Defendant removed the state court action to federal court and moved to dismiss stating that he was "never served with process in any child support proceeding and never waived service" and argues that "[e]nforcement of obligations through an unserved Parenting Plan deprives Defendant of property without due process of law, in violation of the Fourteenth Amendment." [Doc. 2, pg. 1]. He makes these allegations despite his paying child support for nearly a year. Defendant requests that this Court dismiss the state court action and "[d]eclare that the Parenting Plan provisions purporting to impose child support obligations are void ab initio and unenforceable." *Id.* at 2.

On September 8, 2025, Plaintiff moved the Court to remand this case to state court because Defendant's "transparent objective of this removal was to delay, obstruct, or relitigate state court parenting orders that fall squarely outside the jurisdiction of the federal courts." [Doc. 13, pg. 1]. Plaintiff also seeks attorney's fees and costs because she argues Defendant's removal was unreasonable and legally frivolous. *Id.* at 3–4. Regardless of Defendant's intention in removing this case to federal court, this Court lacks subject matter jurisdiction over state child support matters and remand is required under 28 U.S.C. § 1447(c).

## II. DISCUSSION

### A. Motion to Remand [Doc. 13]

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by defendant ... to the district court of the United States for the district and division embracing the place where such

2

action is pending." District courts have original jurisdiction over civil actions that arise under federal law, or that involve parties of diverse citizenship where the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332. The party seeking removal bears the burden of proving that the district court has original jurisdiction, and the removal statute "should be strictly construed and all doubts resolved in favor of remand." *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549–50 (6th Cir. 2006) (citation omitted).

Defendant's Notice of Removal [Doc. 1] fails to state a basis for federal subject matter jurisdiction. Federal courts do not have original jurisdiction over child custody matters. *Ankenbrandt v. Richards*, 504 U.S. 689, 703–04 (1992); *Hughes v. Hamann*, 23 F. App'x 337, 338 (6th Cir. 2001) ("Federal courts lack jurisdiction to issue child custody decrees."); *see also Danforth v. Celebrezze,* 76 F. App'x 615, 616 (6th Cir. 2003) ("[F]ederal courts have no jurisdiction over domestic relations matters."). As the United States Supreme Court reaffirmed in *Ankenbrandt v. Richards,* 504 U.S. 689 (1992), the "domestic relations exception" to federal jurisdiction "divests the federal courts of power to issue divorce, alimony, and child custody decrees." *Id.* at 703. This exception recognizes that "the whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." *In re Burrus,* 136 U.S. 586, 593–94 (1980). Defendant asks this Court to dismiss Plaintiff's motion pending in state court seeking to modify the parenting plan by raising conclusory constitutional claims. As the Sixth Circuit noted in *Danforth*, this domestic relations exception precludes this Court from exercising subject matter jurisdiction where Defendant's constitutional claims are conclusory and essentially "a pretense to obtain federal review of domestic relations matters." *Danforth*, 76 F.App'x at 616–17.

Defendant also claims that the state court case is removable because it involves his rights under 42 U.S.C. § 1983. It does not. It is a motion to modify a parenting plan. But even if

3

Defendant is asserting a counterclaim against Plaintiff for a violation of his constitutional rights under 42 U.S.C. § 1983, that still would not give this Court original jurisdiction over the pending state court child custody matter. The focus is not on the counterclaims asserted but on whether the district court would have original jurisdiction over the civil action pending in state court. *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 441 (2019). "This requires a district court to evaluate whether the *plaintiff* could have filed its operative complaint in federal court, either because it raises claims arising under federal law or because it falls within the court's diversity jurisdiction." *Id.* (emphasis added). And here, this Court does not have original jurisdiction over a motion to modify a parenting plan.

Defendant also alleges that this Court has jurisdiction under 28 U.S.C. § 1443 "because Defendant seeks to protect civil rights secured by federal law, including the right to due process and the right to be free from deprivations under color of law." [Doc. 1, pg. 2]. But § 1443 does not apply here. Removal under § 1443(1) is available only when a defendant cannot enforce a right under "any law providing for specific civil rights in terms of racial equality." *Georgia v. Rachel*, 384 U.S. 780, 792 (1966). Defendant makes no claim that would implicate § 1443(1). Defendant's attempt to invoke federal jurisdiction fails. This Court lacks jurisdiction over a contested parenting plan and state custody order pending in the Chancery Court for Sullivan County, at Kingsport, Tennessee.

### B. Motion for Attorney's Fees and Costs [Doc. 13]

The Court now turns to Plaintiff's request for attorney's fees and costs under 28 U.S.C. § 1447(c). [Doc. 13, pgs. 3–4]. A remand of the case "may require the payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal." 28 U.S.C. § 1447(c). District courts have "considerable discretion" to award or deny costs and attorney's fees under §

1447(c). *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141, (2005); *Warthman v. Genoa Twp. Bd. of Trs.*, 549 F.3d 1055, 1059 (6th Cir. 2008).

In *Martin*, the Supreme Court observed that Congress designed the costs-and-fees provision in § 1447(c) to permit removal in appropriate cases, while "reduc[ing] the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff." 546 U.S. at 140. The decision to award such fees "turn[s] on the reasonableness of the removal." *Id.* at 141. That is, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* It is not necessary to show that the removing party's position was "frivolous, unreasonable or without foundation." *Id.* at 138.

Defendant's filing of the Notice of Removal appears to be an attempt to invalidate the state court custody proceedings and to avoid participating in the hearing set for September 10, 2025. It is undisputed that child custody matters fall within the domestic relations exception that divests federal courts of jurisdiction. This action required Plaintiff to defend a frivolous claim in federal court while Defendant's child support payments remain in arrears. The Court finds that Defendant did not have an objectively reasonable basis for removal of this action and finds attorney's fees to be an appropriate sanction for the removal. Counsel for Plaintiff shall submit an affidavit setting forth the time expended on this matter pending in federal court and a reasonable hourly rate for such work as well as any necessary expenses so incurred by **November 3, 2025.** Failure to submit support for attorney's fees and costs will result in the denial of sanctions.

### III. CONCLUSION

For the reasons explained, Plaintiff's Motion [Doc. 13] is **GRANTED** and this case is **REMANDED** to the Chancery Court for Sullivan County, at Kingsport, Tennessee, Case No. 22-CK-43427(M). Defendant's Motion to Dismiss [Doc. 2] is **DENIED AS MOOT**. Plaintiff's

request for attorney's fees and costs pursuant to 28 U.S.C. § 1447(c) is **GRANTED**. Plaintiff's counsel is **DIRECTED** to file an itemization of attorney's fees and costs incurred in connection with the motion to remand by **November 3, 2025**. The Clerk is **DIRECTED** to send a copy of this Court's Memorandum Opinion and Order to the Clerk and Master at her Kingsport, Tennessee office and close the case.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge
